UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ELLIOTT G. KYLES,

                               Plaintiff,

v.                                                                      Case No. 18-cv-1135-pp

BEAU CHARNEY, RICARDO ESCALANTE
and JEREMY NELSON,

                               Defendants.
_____

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1) AND DISMISSING THE CASE**
_____

The plaintiff, who is representing himself, is an inmate at Jackson Correctional Institution. He filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights when defendant Ricardo Escalante ordered defendants Beau Charney and Jeremy Nelson to strip-search him before booking him into the Brown County Jail. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee and screens the complaint.

**I.  Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, if he meets certain conditions. One of those

1

conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On July 24, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $1.33. Dkt. No. 5. The court received that fee on August 13, 2018. The court will grant the plaintiff's motion, and will require the plaintiff to pay the remainder of the filing fee over time as explained at the end of this decision.

## II. Screening the Plaintiff's Complaint

### A. *Federal Screening Standard*

The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861

(7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. *The Plaintiff's Allegations*

The plaintiff alleges that on December 22, 2015, Escalante transported him to the Brown County Jail on a felony warrant and a new charge of felony possession of a firearm. Dkt. No. 1 at 2. When they got to the jail, Escalante allegedly ordered Charney and Nelson to strip-search the plaintiff. Id. at 3- 5. The plaintiff alleges that Escalante had no authority to order the strip-search, and "was acting outside the color of law." Id. at 5. The plaintiff alleges the search occurred before he was booked into the jail. Id.

The plaintiff contends that the search violated Wis. Stat. §968.255, because Charney did not have "written permission from the Chief, Sheriff or law enforcement administrator of the jurisdiction where [the plaintiff] was detained." Id. The plaintiff also asserts that he never received a copy of written authorization for the search. Id.

C. *The Court's Analysis*

On page 3 of the plaintiff's request to proceed without prepayment of the full filing fee, he indicates that he previously filed only one other case, "Elliott G. Kyles v. Jeff Brann," Case No. 17-cv-773, in the Eastern District of Wisconsin. Dkt. No. 2. That is not correct. The plaintiff fails to mention that on August 9, 2017, he filed a complaint against *the same defendants* he names in

3

this case, based *on the same allegations*. See Kyles v. Charney, Case No. 17-cv-1102-pp (E.D. Wis.).[1]

The court screened that complaint on February 2, 2018, and gave the plaintiff an opportunity to file an amended complaint, id. at dkt. no. 8, which he did about a week later, id. at dkt. no. 9. On May 8, 2018, the court screened the amended complaint, and dismissed the case based on the plaintiff's failure to state a claim, finding that his federal claim was frivolous. Id. at Dkt. No. 12. The court explained that:

> Even if the defendants did violate Wis. Stat. §968.[2]55 (and the court is not concluding that they did), the remedy for the plaintiff is to sue them in *state* court. The Constitution does not require compliance with state law.

Id. at 5 (internal citations and quotations omitted).

At the end of its screening order, the court informed the plaintiff that, if he was dissatisfied with the court's order, he could appeal the decision to the Court of Appeals for the Seventh Circuit, or he could, under certain circumstances, ask the court to alter or amend its judgment under Fed. R. Civ. Pro 59(e) or ask for relief from judgment under Fed. R. Civ. Pro. 60(b). Id. at 6. The plaintiff did not pursue any of those options. Instead, he filed a new case, alleging the *same* facts against the *same* defendants. And it appears that he filed a misleading application to proceed without prepaying the filing fee to try to cover up that fact. Perhaps the plaintiff was hoping the case would be assigned to a different judge, who would not figure out that this court already

---

[1] He also appears to have "forgotten" one other case, Kyles v. Liegeois, *et al.*, 17-cv-1100 (E.D. Wis.).

4

had dismissed his claims as frivolous. Whatever his reasons, filing the same case after the court had dismissed it was inappropriate.

Further, the court's prior decision precludes the plaintiff from litigating these claims against these defendants. Claim preclusion "prevents relitigation of claims that were—or could have been—decided in an earlier proceeding . . ." White v. Poore, 660 Fed. App'x. 475, 477 (7th Cir. 2016). It applies when "(1) the first suit resulted in a final decision on the merits, (2) both suits arise from the same transaction, and (3) the parties are the same. Id. (citations omitted). All three elements are satisfied here: (1) "[a] dismissal for failure to state a claim is a dismissal on the merits," id. (citations omitted); (2) both suits arise in connection with a strip search at Brown County Jail in December 2015; and (3) both suits name the same defendants.

Because the court previously explained the basis for dismissing the plaintiff's claims and notified plaintiff of his options for challenging that dismissal, the court concludes that the plaintiff's complaint is malicious, in that his intent in filing was to harass the defendants and the court. See Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003).

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint is malicious.

The court **DIRECTS** the clerk of court to document that the plaintiff has

incurred a "strike" under 28 U.S.C. §1915(g).

The court **DIRECTS** the clerk of court to enter judgment accordingly.

The court **ORDERS** the agency where the plaintiff is in custody to collect from his trust account the **$348.67** balance of the filing fee by collecting monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account, and to forward payments to the Clerk of Court each time the amount in the account exceeds $10, in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. The court will send a copy of this order to the officer in charge of the Jackson Correctional Institution, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties—including the plaintiff—to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 12th day of September, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**